UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JENNIFER GARZA and C.G., by and through
his guardian ad litem JENNIFER GARZA

        Plaintiffs,                                Case No. 1:15-CV-1128

v.                                              HON. GORDON J. QUIST

LANSING SCHOOL DISTRICT, LESTER
DUVALL, CONNIE NICKSON, TRACEY
KEATON, MARTIN ALWARDT, YVONNE
CAAMAL CANUL, SHERYL BACON, and
EDNA ROBINSON,

        Defendants.
_____/

**OPINION**

Plaintiff, C.G., was a student at Gardner Leadership, Law, and Government Academy (Gardner), an elementary school within the Lansing School District (the School District). C.G. was in the special education program at Gardner because he has autism spectrum disorder and attention deficit disorder. C.G. and his mother, Jennifer Garza, have sued the School District and various employees of the School District. Plaintiffs allege that Lester Duvall, a special education teacher previously employed by the School District, assaulted C.G. and caused him to sustain injuries. Plaintiffs further allege that School District employees knew that Duvall had a history of abusing students and that they failed to report Duvall's assault on C.G. in a timely manner. The School District and its employees other than Duvall (the School District Defendants) have moved to dismiss Plaintiffs' claims against them.

*Discussion*[1]

1. § 1983 Claim

Plaintiffs assert that the Fourth Amendment's prohibition against use of excessive force rather than the Fourteenth Amendment's generalized provisions of substantive due process govern the instant case—citing, principally, *Graham v. Connor*, 490 U.S. 386, 209 S.Ct. 1865 (1989) and *New Jersey v. T.L.O.*, 469 U.S. 325, 105 S. Ct. 733 (1985). However, Courts in this circuit examine claims based on the physical abuse of public school students under the Due Process Clause rather than the Fourth Amendment. *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 725 (6th Cir. 1996); s*ee also H.M. v. Bd. of Educ. of the Kings Local Sch. Dist.*, No. 1:14-CV-64, 2015 WL 4624629, at *4 (S.D. Ohio Aug. 3, 2015) (listing cases). To demonstrate a violation of the Due Process Clause, a student "must prove that 'the force applied caused injury so severe, was so disproportionate to the need presented, and was so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience.'" *Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (quoting *Webb v. McCullough*, 828 F.2d 1151, 1158 (6th Cir.1987)).

Under the substantive due process analysis, "it is not enough for [C.G.] to show that the defendant supervisors were sloppy, reckless or negligent in the performance of their duties." *Doe ex rel. Doe v. City of Roseville*, 296 F.3d 431, 439 (6th Cir. 2002). *Id.* Rather, "[C.G.] must show that, in light of the information the defendants possessed, the teacher who engaged in . . . abuse showed a strong likelihood that he would attempt to . . . abuse other students, such that the failure to take adequate precautions amounted to deliberate indifference to the constitutional rights of

---

[1] The Court need not repeat the factual allegations of the complaint, which the Court has taken as true for purposes of this motion.

students." *Id.* (internal quotation marks omitted). "Put another way, . . . the plaintiff must show that the defendants' conduct amounted to a tacit authorization of the abuse." *Id.* (internal quotation marks omitted). A student does "not have a constitutional right to be free from negligence in the supervision of the teacher who is alleged to have actually abused h[im]." *Id.* at 441.

The Court concludes that the allegations of physical abuse contained in the complaint "shock the conscience." *See Ellis*, 455 F.3d at 700 (finding a constitutional violation where a teacher slammed a student's head against the blackboard, threw her on the ground, and choked her for one minute). The Court further concludes, however, that C.G. has failed to allege sufficient facts to demonstrate that Defendants Tracey Keyton, Sheryl Bacon, and Edna Robinson were deliberately indifferent to C.G.'s constitutional rights or that their conduct amounted to tacit authorization of the abuse against C.G..[2] There are no specific allegations that Keyton knew that Duvall had engaged in past abuse. Any action or inaction by Bacon and Robinson occurred years before the events at issue in this case, and neither of those defendants had any supervisory authority over Duvall at the time that he allegedly abused C.G. Accordingly, the Court will dismiss the § 1983 claims against Keyton, Bacon, and Robinson.

The allegations against Connie Nickson, Martin Alwardt, and Yvonne Caamal Canul, however, are sufficient to allow the claims against them to proceed.[3] C.G. has alleged that Nickson, Gardner's principal, received multiple complaints from staff that Duvall abused his students. C.G.

---

[2] Plaintiffs have asked for permission to amend their complaint. Although amendments are to be freely given "when justice so requires," Plaintiffs have already amended their complaint once, and potential defendants are entitled to some piece of mind. F.R.Civ.P. 15(a)(2).

[3] Defendants have argued that they are entitled to qualified immunity because there was no constitutional violation. Because the Court concludes that the allegations are sufficient to constitute a Due Process violation, Defendants are not entitled to qualified immunity. *See Webb*, 828 F.2d at 1158 (recognizing a right to be free from excessive corporal punishment).

has alleged that Caamal Canul and Alwardt, the School District's Superintendent and Director of Special Education, respectively, also received numerous reports that Duvall abused students. Taking those allegations as true, the Court concludes that those defendants "were confronted with conduct that was obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences, or with such a widespread pattern of constitutional violations that their actions demonstrated deliberate indifference to the danger of [Duvall] . . . abusing students." *City of Roseville*, 296 F.3d at 440-41. Accordingly, the Court will allow C.G.'s Due Process claims against Nickson, Alwardt, and Caamal Canul to proceed.[4]

2.      Americans with Disabilities Act (ADA) and Rehabilitation Act Claims

C.G. asserts claims against the School District under the ADA, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Those statutes prohibit a public entity from discriminating against an individual based on his disability, or denying an individual the benefits of services, programs, or activities because of the individual's disability. 42 U.S.C. § 12132; 29 U.S.C. § 794(a). Because the requirements of both statutes are largely the same, claims under the statutes are often analyzed together. *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 452 (6th Cir. 2008).

As an initial matter, the Court rejects the School District's argument that C.G. was required to exhaust his claims. A plaintiff that seeks "relief that is also available" under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1401 *et seq.*, must exhaust the procedures available under that statute. Because the injuries alleged in this case are "non-educational in nature," however, relief was not available under the IDEA. *See F.H. ex rel. Hall v. Memphis City Schs.*, 764 F.3d 638, 644 (6th Cir. 2014).

---

[4] Although the heading indicates that Garza has asserted claims on her own behalf, as well as on behalf of C.G., there are no factual allegations pertaining to Garza. Because there is no basis for Garza to assert a constitutional claim on her own behalf, it will be dismissed

Case 1:15-cv-01128-GJQ-PJG   ECF No. 34 filed 06/21/16   PageID.493   Page 5 of 7

Nonetheless, the Court concludes that C.G. has failed to state a claim under either the ADA or the Rehabilitation Act. The complaint does not allege that any of the defendants took actions based on C.G.'s disability. "Instead, [the] complaint lists conclusory allegations of discrimination and fails to provide . . . the sufficient factual matter necessary to create an inference of discrimination." *Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 626 (6th Cir. 2013) (internal quotation marks and citations omitted). For instance, although Plaintiffs' brief indicates that the claims are based on a harassment theory, the complaint does not contain sufficient facts to create an inference that Duvall harassed C.G. *because* of his disability. *See S.S.*, 532 F.3d at 454 (listing elements of a disability-based peer-on-peer harassment claim). Accordingly, C.G. has failed to state a claim under the ADA or the Rehabilitation Act.

3.  Persons with Disabilities Civil Rights Act

Michigan's Persons with Disabilities Civil Rights Act (PWDCRA) states:

> An educational institution shall not ... [d]iscriminate in any manner in the full utilization of or benefit from the institution, or the services provided and rendered by the institution to an individual because of a disability that is unrelated to the individual's ability to utilize and benefit from the institution or its services, or because of the use by an individual of adaptive devices or aids.

M.C.L. § 37.1402(a). C.G. contends that the School District Defendants violated that statute by depriving him of the advantages, privileges, and services of his school based on his disabilities.

As an initial matter, the Court rejects Defendants' argument that Michigan's Mandatory Special Education Act (MMSEA), M.C.L. § 380.1701 *et seq.*, preempts C.G.'s PWDCRA claim. Although that statute preempts certain PWDCRA claims related to a student's education, *see Miller ex rel. Miller v. Lord*, 262 Mich. App. 640, 646-47, 686 N.W.2d 800, 803 (Mich. Ct. App. 2004), the Court concludes that C.G.'s claim of physical abuse is not preempted. *See Griffin v. Sanders*, No. 11-CV-12289, 2013 WL 3788826, at *10 (E.D. Mich. July 19, 2013) (concluding that a student's PWDCRA claims related to physical and sexual abuse were not barred by the MMSEA).

The PWDCRA claim, however, suffers from the same problems as the ADA and Rehabilitation Act claims. The complaint simply parrots the language of the statute, and does not allege specific actions taken by any of the defendants, nor does it allege that any actions were taken based on C.G.'s disability. Accordingly, the Court will dismiss this claim.

4. Michigan Child Protection Law

Michigan's Child Protection Law makes certain individuals, including school administrators and teachers, mandatory reporters of child abuse. M.C.L. § 722.623(1)(a). Mandatory reporters who have reasonable cause to suspect child abuse must make an oral report immediately to Michigan's Child Protective Services and file a written report within 72 hours thereafter. *Id.* Mandatory reporters who fail to make a report are liable for "damages proximately caused by the failure." M.C.L. § 722.633(1). State actors who violate the mandatory reporting provision, however, may be entitled to governmental immunity. *See Jones v. Bitner*, 300 Mich. App. 65, 77, 832 N.W.2d 426, 432 (2013) (holding that the mandatory reporting provision does not abrogate governmental immunity).

Plaintiffs assert that the School District employees failed to report Duvall's abuse and that Plaintiffs suffered damages as a result of such failure because C.G. did not receive, and Garza was not able to provide, comfort, counseling, and treatment. Caamal Canul, as the "highest appointive executive official" of the School District, is entitled to absolute immunity for these claims. *See* M.C.L. § 691.1407(5). The other School District employees are also entitled to immunity because, even if their conduct constituted gross negligence, it was not the proximate cause of any injuries or damages. *See Jones*, 300 Mich. App. at 78, 832 N.W.2d at 433 (holding that the abuser—and not the individual who failed to report—was the proximate cause of a child's injuries); *see also Campbell v. Dundee Cmty. Sch.*, No. 12-CV-12327, 2015 WL 4040743, at *12 (E.D. Mich. July 1,

6

2015) ("Where a child is abused by a third party, the third party is *the* proximate cause, and the governmental employee will not be held liable."). Finally, the complaint contains insufficient allegations to support Plaintiff's argument that the immunity test for intentional torts applies to these claims. *See Jones*, 300 Mich. App. at 78, 832 N.W.2d at 433 (analyzing a failure to report claim under the immunity test for negligent torts).

Because the employees of the School District are entitled to immunity, the Court will dismiss Plaintiffs' claims under the Child Protection Law.

### *Conclusion*

The Court will dismiss all the claims against the School District Defendants except for C.G.'s Due Process claim against Nickson, Alwardt, and Caamal Canul.


Dated: June 21, 2016                                      /s/ Gordon J. Quist
                                                                                                  GORDON J. QUIST
                                                       UNITED STATES DISTRICT JUDGE